**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDSAY FLECK, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-05562 |
| | : | |
| WILMAC CORPORATION, | : | |
| WILMAC MEDICAL INSURANCE | : | |
| PLAN, ATTLEBORO ASSOCIATES, | : | |
| LTD., ATTLEBORO NURSING & | : | |
| REHABILITATION CENTER, and | : | |
| SUSAN MITCHELL, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this *19ᵗʰ* day of *May*, 2011, upon consideration of the Motion of Defendants

WILMAC Corporation, WILMAC Medical Insurance Plan, Attleboro Associates, Ltd., Attleboro

Nursing & Rehabilitation Center, and Susan Mitchell to Dismiss the Amended Complaint of

Plaintiff Lindsay Fleck (Docket No. 9), Plaintiff's Response in Opposition (Docket No. 11),

Plaintiff's Supplemental Memorandum of Law in Opposition (Docket No. 12), and Defendants'

Reply (Docket No. 14) it is hereby **ORDERED** that Defendants' Motion to Dismiss

(Docket No. 9) is **GRANTED IN PART** and **DENIED IN PART** as follows:

  a.  Defendants' Motion to Dismiss Plaintiff's claim for disability
      discrimination in violation of the ADA (Count I) is **DENIED**;

  b.  Defendants' Motion to Dismiss Plaintiff's claim for disability
      discrimination in violation of the PHRA (Count II) is **DENIED**;

  c.  Defendants' Motion to Dismiss Plaintiff's claim for failure to provide

reasonable accommodation under the ADA (Count III) is **DENIED**;

d.     Defendants' Motion to Dismiss Plaintiff's claim for failure to provide reasonable accommodation under the PHRA (Count IV) is **DENIED**;

e.     Defendants' Motion to Dismiss Plaintiff's FMLA claim (Count V) is **DENIED** to the extent the claim is based upon:

    i.     Defendants' interference with Plaintiff's FMLA rights via unwarranted discipline and failure to timely submit FMLA paperwork;

    ii.     Defendants' retaliation against Plaintiff via unwarranted imposition of discipline and termination;

    Defendants' Motion to Dismiss Plaintiff's FMLA claim is **GRANTED** to the extent the claim is based upon Defendants' interference with Plaintiff's FMLA rights via Defendants' failure to accommodate and termination of Plaintiff;

f.     Defendants' Motion to Dismiss Plaintiff's ADA, PHRA, and FMLA claims (Counts I-V) to the extent they allege physical and emotional injuries, loss of self-esteem, personal humiliation, and loss of enjoyment of life is **DENIED**;

g.     Defendants' Motion to Dismiss Plaintiff's claim for punitive and compensatory damages under ERISA (Count VI) is **GRANTED**, but Defendants' Motion to Dismiss Count VI in its entirety is **DENIED**;

h.     Defendants' Motion to Dismiss Plaintiff's claim for punitive damages under COBRA (Count VII) is **GRANTED**, but Defendants' Motion to Dismiss Plaintiff's claim for compensatory damages under COBRA and to Dismiss Count VII in its entirety is **DENIED**;

i.     Defendants' Motion to Dismiss Defendant Susan Mitchell from the case is **DENIED**.


It is so **ORDERED**.

BY THE COURT:


    _**s/ Ronald L. Buckwalter**_            
    RONALD L. BUCKWALTER, S. J.